OPINION
{¶ 1} Defendant, Arthur R. Chatt, appeals from a sentence of twenty-four months imposed by the Greene County Court of Common Pleas. On October 23, 2003 Chatt entered a guilty plea to the charges of Breaking and Entering, a felony of the fifth degree and Theft, a felony of the fourth degree. Chatt committed these crimes within eight days after being paroled for a previous Aggravated Burglary conviction. On December 10, 2003 the trial court sentenced Chatt to five years of Community Control. The court advised Chatt at that time he could be sentenced to a total prison term of up to 30 months if he violated the conditions of his Community Control. On June 17, 2004 Chatt's Probation Officer filed a Motion/Affidavit alleging that Chatt had violated the terms and conditions of his Community Control, specifically Chatt had failed to report as required and failed to make payments toward his restitution and court costs. On September 17, 2004 the trial judge sentenced Chatt to eight months incarceration for Breaking and Entering and sixteen months incarceration for Theft, to be served consecutively for a total prison term of twenty-four months.
 {¶ 2} Chatt has filed his appeal raising this sole assignment of error:
 {¶ 3} "The trial court erred when it sentenced defendant-appellant to consecutive prison terms."
Appellant's sole assignment of error:
 {¶ 4} Chatt argues that the trial court erred in imposing consecutive sentences. In order to impose consecutive sentences, the law requires the court to make certain findings and state reasons for making such findings before it may impose consecutive sentences.
 {¶ 5} R.C. § 2929.14 (E) (4) states: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if it finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and if the court also finds any of the following:
 {¶ 6} "(a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, [or] was under a sanction imposed pursuant to R.C. § 2929.16
[Residential Sanctions], 2929.17 [Non-residential sanctions], or 2929.18 [Financial sanctions; restitution] or was under post-release control for a prior offense."
 {¶ 7} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."
 {¶ 8} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 9} "A court is permitted by R.C. § 2929.14 (E) (4) to order consecutive sentences only after certain findings are made. By requiring the court to then state the reasons for those findings, R.C. § 2929.19 (B) (2) (c) obliges the court to not only have reasons but also to state what those reasons are."State of Ohio v. Mitchell, (March 4, 2005), Montgomery App. No. 20372, 2005-Ohio-912.
 {¶ 10} The record clearly shows that the trial court made the necessary findings in imposing consecutive sentences pursuant to R.C. § 2929.14 (E) (4) and 2929.19 (B) (2) (c). The court stated on the record that consecutive sentences were necessary in order to protect the public from future crime by the Defendant and to punish the Defendant. Additionally, the court noted the sentences were not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public. The court indicated its reasons for imposing the consecutive sentences. The court found that the offenses were committed while Chatt was under post-release control and that his prior criminal history demonstrated that consecutive sentences were needed in order to protect the public from future crime. Thus, the record firmly supports a finding that the trial court did not err in imposing consecutive sentences.
 {¶ 11} Chatt's sole assignment of error is overruled, the judgment of the trial court is affirmed.
Fain, J. and Grady, J., concur.